IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY MILLER., | : | Civil No. 1:20-CV-2270 |
| Plaintiff, | : | |
| v. | : | |
| SUPERINTENDENT THOMAS McGINLEY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Self-represented Plaintiff Timothy Miller's three pending motions are presently before the court: (1) motion to compel discovery; (2) motion for reconsideration of the court's May 13, 2021 order denying his request for appointment of counsel without prejudice; and (3) a motion to stay his deposition pending resolution of his motion for reconsideration. (Docs. 26, 28 and 31.) For the reasons that follow, Miller's motion for reconsideration will be deemed withdrawn due to his failure to comply with M.D. Pa. Local Rule 7.5. Plaintiff's motion to stay will be deemed withdrawn for similar reasons; alternatively, it will be denied as moot. Plaintiff's motion to compel further response to his first request for production of documents will also be denied.

### RELEVANT FACTUAL AND PROCEDURAL HISTORY

Timothy Miller ("Plaintiff" or "Miller"), a state inmate presently housed at the Phoenix State Correctional Institution ("SCI-Phoenix"), in Collegeville,

Pennsylvania, filed this action on December 4, 2020, after he was stabbed on two separate occasions at his former facility, SCI-Coal Township.  The first assault took place on May 2, 2019.  Miller was taken to the institution's infirmary for care after the assault.  The second assault took place on May 23, 2019, the day he was released from SCI-Coal Township's Restricted Housing Unit ("RHU").  Plaintiff was taken to an outside hospital for treatment following the second assault.  Miller believes he was assaulted on May 23, 2019 because Hearing Examiner Walter labeled him a snitch by telling inmates Miller had identified the inmates who attacked him on May 2, 2019.  As relief, Plaintiff seeks monetary damages for his injuries and Defendants' violation of his Eighth Amendment rights.  (Doc. 1.)

Defendants are Superintendent McGinley, Major R. Fould, Unit Manager Paul Fowler, and Hearing Examiner Walter.  Defendants filed an answer to the complaint on April 5, 2021.  (Doc. 16.)  Following an October 4, 2021 telephonic status conference with the parties, an amended case management order was issued.  Docs. 17, 33.  Presently, discovery is set to close on January 31, 2022 and dispositive motions are due February 28, 2022.  (Doc. 33.)

Miller's motion to compel, Doc. 26, was filed in July 2021.  Defendants filed an opposition brief on August 4, 2021, Doc. 29, and Miller did not file a reply brief.  Plaintiff's filed his motion for reconsideration of the court's order denying his motion for counsel without prejudice was filed on July 22, 2021, however, no

supporting brief was filed. (Doc. 28.) In September 2021, Miller filed a motion to stay his deposition pending resolution of his motion for reconsideration related to his previously denied motion for counsel. (Doc. 31.) Again, Miller did not file a brief in support of his motion.

## JURISDICTION

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331 which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is

3

discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).  A court may limit discovery if the request is unreasonably cumulative, duplicative, or readily obtainable from some other sources, the party seeking discovery has had ample opportunity to obtain the information through discovery, or the proposed discovery is outside the scope permitted by Rule 26(b)(1).  *See* Fed. R. Civ. P. 26(b)(2)(C).

"A party who receives evasive or incomplete discovery responses may seek a court order compelling further disclosures or discovery of the materials sought via a properly served request.  *See* Fed. R. Civ. P. 37(a)(4).  The moving party must demonstrate the relevance of the information sought to a particular claim or defense.  The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." *Naranjo v. T. Walter*, No. 1:20-CV-918, 2021 WL 4226062, at *3 (M.D. Pa. Sept. 16, 2021), citing *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987).  Thus, a court's decision regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of

an abuse of discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

## DISCUSSION

**A. Motions Deemed Withdrawn Pursuant to Local Rule 7.5**

Where a moving party fails to file a supporting brief within fourteen days of their motion, the motion is deemed withdrawn. *See* M.D. Pa. Local Rule 7.5. Excerpts of the Local Rules, including 7.5, were provided to Miller on December 7, 2020. (Doc. 5.)

Miller did not file a brief in support of his motion for reconsideration or his motion to stay his deposition. As such, and in accordance with Local Rule 7.5, the court will deem both motions withdrawn. With that said, the court's May 2021 denial of Miller's motion for counsel was without prejudice. Miller is not prohibited from refiling a motion for counsel setting forth any change in circumstances from those he presented in his prior motion. Also, to the extent Miller bases his motion for reconsideration on such a change, i.e. his alleged discovery dispute with Defendants, that does not merit the appointment of counsel. Discovery disputes are not irregular in the course of litigation. While some disputes are resolved by the parties without the need of court intervention, others are not. As the court is currently poised to address Miller's motion to compel, a motion for counsel based on discovery disputes would be denied.

5

Similarly, Defendants' planned deposition of Plaintiff does not warrant the appointment of counsel even though Miller is self-represented. As Miller has not demonstrated a meaningful change in circumstances since the court's prior denial of counsel, Miller's motion to reconsider the prior order would nonetheless be denied had it properly been briefed. Likewise, as Miller did not brief his motion to stay his deposition pending resolution of his motion for reconsideration, it too will be deemed withdrawn. Alternatively, the motion is now moot based on the above discussion resolving the motion for reconsideration.

### B. Motion to Compel

Miller concedes that Defendants have produced over 300 pages of documents in response to his request for production of documents. (Doc. 26, ¶ 3.) Yet, he takes issue with Defendants' various allegedly unfounded objections to his requests and Defendants' actions of redacting portions of their responsive documents simply based on his status as an inmate. Defendants' objections are set forth in their response to Miller's document request. *See* Doc. 27-1. At issue are Document requests: 2, 3, 6, 8, 9, 10, 13, 16, 17, 18, 19, 21, 23, 24, 25, 26, 28, 29, and 30. *See* Doc. 27. The court will address the disputed discovery requests *seriatim*.

**Request 2: Any and all reports memorandums, affidaits [sic], declarations in reference to the incidents dates/locations and times set forth within the complaint.**

Defendant's objection to the language of the request as being overly broad and burdensome is not off base. Their objection that the request includes some information that is "security-sensitive, privileged and confidential," is also not improper as Defendants have produced the Extraordinary Occurrence Reports ("EOR") and corresponding attachments for both the May 2 and May 23, 2019 incidents. Moreover, while Miller takes issue with Defendants' objection, he does not address why their objection is improper, or that they have withheld responsive documents from him, or that any portion of the documents provided were redacted. *See* Doc. 27. Defendants will not be required to amend their initial response to this request.

**Request 3: Any and all Pa. DOC OPR/BIA investigational reports.**

Defendants objected to the request as overbroad and unduly burdensome. The court agrees that the open-ended nature of the request would undoubtedly yield information unrelated to Plaintiff's claims, and pose needless security, privilege, and confidentiality concerns as worded. Nonetheless, Defendants produced the EOR reports, and corresponding attachments as noted in their response to Request 2. As Plaintiff does not argue why he needs every investigative report conducted by the PA DOC OPR/BIA concerning inmates and

7

staff unrelated to the May 2019 incidents in his complaint, his motion to compel any further response will be denied.

> **Request 6: Any and all disciplinary disposition of those inmates charged with attacking plaintiff, please include the criminal charges and there [sic] dispositions.**

Defendants object to the request as it seeks information relating to other inmates which is not permitted to be disclosed to Miller pursuant to Pennsylvania Department of Corrections ("DOC") policy. Pursuant to DC-ADM 003, Release of Information, inmates are not permitted access to the records of their fellow inmates. *See* DC-ADM 003, https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/003%20Release%20of%20Information.pdf (last visited Jan. 22, 2022). The policy states, in relevant part, "[a]n inmate is prohibited from receiving inmate information pertaining to another inmate other than him/herself." (*Id.*)

While Miller argues that Defendants refuse to provide him with the responsive documents due to DC-ADM 003, he does not present any argument as to the relevance of the information sought. Miller is already aware of the names of those who assaulted him. He has received copies of EOR reports and attachments. Miller does not articulate why the information sought is relevant to his claims thus necessitating their production. As argued by Defendants, there are sound security and confidentiality reasons to prohibit inmates from obtaining such information about one another. Courts within this district have also rejected similar discovery

requests as unduly infringing upon the privacy interests of other inmates. *See, e.g., Robinson v. Folino*, 2016 WL 4678340, at *3 (W.D. Pa. Sept. 7, 2016) ("Misconducts filed against inmates ... would necessarily contain information regarding those inmates that Plaintiff should not be privy to for both privacy and security reasons"); *Montanez v. Tritt*, Civ. No. 3:14-CV-1362, 2016 WL 3035310, at *4 (M.D. Pa. May 26, 2016) (denying motion to compel production of incident reports, grievances and other documents involving other inmates where they were found to be "overly broad, irrelevant, confidential, [and to] bear no sufficient connection to this case, and raise obvious privacy and security issues") (Mariani, J.); *Sloan v. Murray*, No. 3:11-CV-994, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) (Caputo, J.) (denying motion to compel grievance responses that concerned other inmates, citing DOC policy prohibiting inmates from receiving information about one another); cf. *Banks v. Beard*, Civ. No. 3:CV-10-1480, 2013 WL 3773837, at *5 (M.D. Pa. July 17, 2013) (Munley, J.) (discussing the DOC's policy against inmates receiving information about other inmates, and finding that the release of such information could be used to blackmail, harass, or assault that inmate, "thereby creating a substantial risk of physical harm to the subject inmate and any staff who intervene"). Considering these cases, DC-ADM 003, and Miller's failure to argue the relevancy of the requested information, the court will deny Miller's motion to compel the production of the requested documents.

**Request 8:  Emergency hospitalization fact/sheet/ registrations and referral sheets.**

Defendants object to the request as overbroad and burdensome because it does not include any defining dates.  Without waiving the objection they provided Geisinger Emergency Room records for Miller's visit on May 23, 2009, DEF104-118.  They add that Miller was not taken to hospital on May 2, 2019.  Defendants' response is accepted without further amendment needed.

**Request 9:  Hospital discharge summarys [sic].**

Defendants object to the request as being overbroad and burdensome as Miller does not define any timeframe for the request.  Without waiving the objection Defendants provided Plaintiff with copies of medical reports from his May 23, 2019 visit to Geisinger Hospital's Emergency Room.  Given Miller's failure to further clarify his reasons for seeking a further response, none will be required.

**Request 10:  ER records.**

Defendants' objection is similar to that raised to Requests 8 and 9 and notes their production of Miller's Geisinger Emergency Room records from May 23, 2019.  Given Miller's failure to further clarify his reasons for seeking a further response, none will be required.

**Request 13:  Discharge instructions and restrictions.**
**Request 16:  EKG/Cardiology testing results.**
**Request 17:  Operative reports.**

10

>**Request 18:  Pathology reports (if any).**
>**Request 19:  Medication listing.**
>**Request 21:  Inpatient medical records.**
>**Request 23:   Short procedures records.**
>**Request 24:  Abstract of medical records.**
>**Request 25:  Medical history and physicals.**
>**Request 26:  Any and all lab reports.**
>**Request 28:  Treatment plan.**
>**Request 29:  Initial Evaluation.**
>**Request 30:  Any and all progress reports.**

Miller challenges Defendants' responses to these requests for medical records as "overburdensome" and claims Defendants "rejected" the requests "based upon a confidential privilege theme/theory without identifying how the document are actually confidential/privilege" and suggest this violates the Federal Rules of Civil Procedure "and must be compeled (sic) without any delay." (Doc. 27, p. 3.)  The court has reviewed each request, Defendants' response to each request and their objections, as well as Miller's reasoning to compel Defendants' further response.  The court agrees with Defendants that Miller's requests, as worded, are ill defined, overbroad, and burdensome.  Miller could have specified a time frame for each request so Defendants could definitively respond to the request.  However, without such guidance, a fair interpretation of the request would include any responsive medical documents that occurred during Miller's entire incarceration within DOC.  Depending on the length of time that would cover, many of the responsive documents would be entirely unrelated to his Eighth

Amendment claims stemming from the events of May 2019 and a burdensome and unnecessary exercise for Defendants.

Additionally, where Defendants believed Miller's requests to be unclear, they did not simply refuse to respond as Miller alleges, rather they sought clarification from Miller which he did not provide. Furthermore, Miller wrongfully accuses Defendants of casually invoking the mantra of confidentiality and privilege without justifying or explaining its application to each request. *See* Doc. 27, p. 3. Defendants, however, did not invoke confidentiality or privilege as to any of these requests. Instead, Defendants repeatedly noted that Miller's medical records from May 1, 2019 through December 31, 2020 are available for his review as well as medical records from his May 23, 2019 visit to Geisinger's Emergency Room. Because Miller has not demonstrated that Defendants' have lodged obstructive or unsupported objections to his requests, or suggested the existence of additional responsive information withheld by Defendants, or the relevance of the nondisclosed information to a particular claim in his action, his motion to compel Defendants to amend these responses will be denied.

An appropriate order will follow.

s/ Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: January 24, 2022